NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONNIE E. RAINEY, II,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1793

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00511-EHM, Judge Edward H. Meyers.

---

Decided:  December 15, 2023

---

DONNIE EUGENE RAINEY, II, Portsmouth, VA, pro se.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before LOURIE, PROST, and REYNA, *Circuit Judges*.

PER CURIAM

Donnie E. Rainey, II appeals *pro se* from a decision of the United States Court of Federal Claims ("the Claims Court") granting summary judgment in favor of the government that Rainey was not entitled to severance pay under 5 U.S.C. § 5595. *Rainey v. United States*, No. 22-511 C, 2023 WL 2062298 (Fed. Cl. Feb. 17, 2023) ("*Decision*"). For the following reasons, we *affirm*.

BACKGROUND

Rainey is a former civilian employee of the United States Navy ("the Navy"). *Decision* at *1. Rainey developed a medical condition that made it challenging for him to perform his job duties. *Id.* After several attempts to provide reasonable accommodations at his current position that proved ineffective, the Navy offered to reassign him. *Id.* Ten months later, on March 9, 2021, the Navy informed Rainey that it was unable to find a suitable position for reassignment. *Id.* Then, on November 30, 2021, the Navy informed Rainey that he would be involuntarily separated from the Navy effective December 3, 2021, because he was unable to perform his job duties and reasonable accommodations were not feasible. *Id.*

On December 2, 2021, Rainey requested severance pay under 5 U.S.C. § 5595. *Id.* The Navy denied his request and informed Rainey that he was not eligible for severance pay because he was eligible for an immediate annuity through Federal Employees' Retirement System disability benefits. *Id.* Rainey's communications with the Navy continued for several months. *Id.* In February 2022, the Office of Personnel Management ("the OPM") advised the Navy that Rainey could apply for severance, but that he would have to repay any severance he received if his disability retirement was later approved. *Id.* Based on this information, Rainey chose to file for severance pay. *Id.* On April 8, 2022, the Navy again denied his request but this time, informed Rainey that the Navy could not authorize severance pay because he was eligible for an immediate

retirement annuity through disability retirement benefits regardless whether or not he had actually applied to receive that annuity. *Id.*

On April 19, 2022, Rainey applied to the OPM for disability retirement benefits. *Id.* at \*2. The OPM approved his application on July 28, 2022, *id.*, and Rainey received his first disability benefits payment on August 22, 2022, Informal Reply Br. at 3. In October 2022, Rainey received a payment for retroactive disability retirement benefits dating back to his separation date. *Id.* at 3–4.

On May 9, 2022, Rainey filed suit in the Claims Court seeking the unpaid severance. *Decision* at \*1. The Claims Court granted the government's motion for summary judgment, concluding that eligibility for an immediate annuity precludes eligibility for severance pay based on the regulations implementing 5 U.S.C. § 5595 and that Rainey's disability retirement benefits qualified as an immediate annuity. *Id.* at \*3–4. Rainey timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"We review the summary judgment of the Court of Federal Claims, as well as its interpretation and application of the governing law, *de novo.*" *Authentic Apparel Grp., LLC v. United States*, 989 F.3d 1008, 1014 (Fed. Cir. 2021) (internal quotation marks and citation omitted). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." R. Ct. Fed. Cl. 56(a).

On appeal, Rainey requests payment of unpaid severance under 5 U.S.C. § 5595. Rainey also seeks consequential damages caused by the lack of immediate severance pay. Rainey argues that he is entitled to severance pay under the statute because his disability retirement benefits were not an immediate annuity as determined by the Claims Court. Informal Br. of Appellant at 6–9. Under his proposed construction, an immediate annuity is a

retirement benefit that begins payment within 31 to 90 days of separation. *Id.* His disability benefits payments did not begin until August 22, 2022, eight and a half months after his separation. *Id.* at 7. He therefore argues that these benefits are not an immediate annuity that would preclude eligibility for severance pay. *Id.*

As the Claims Court did, we begin with the language of the statute itself, which provides:

> (b) Under regulations prescribed by the President or such officer or agency as he may designate, an employee who—
>
> (1) has been employed currently for a continuous period of at least 12 months; and
>
> (2) is involuntarily separated from the service, not by removal for cause on charges of misconduct, delinquency, or inefficiency;
>
> is entitled to be paid severance pay in regular pay periods by the agency from which separated.
>
> . . .

5 U.S.C. § 5595(b). There is no dispute that Rainey meets the requirements of (1) and (2) stated above. However, the statute also states that severance pay is subject to "regulations prescribed by the President or such officer or agency as he may designate." 5 U.S.C. § 5595(b). The regulations implementing 5 U.S.C. § 5595 provide that:

> (b) An employee is not eligible for severance pay if he or she:
>
> . . .
>
> (5) *Is eligible upon separation for an immediate annuity* from a Federal civilian retirement system or from the uniformed services. . . .

5 C.F.R. § 550.704(b) (emphasis added). Rainey does not dispute that eligibility for an immediate annuity bars eligibility for severance pay under the implementing

regulations. Rainey cites various cases and the OPM's website to argue that actual payment of a benefit needs to occur within 31 days of separation, or alternatively 90 days at most, for the benefit to qualify as an immediate annuity. *See* Informal Br. of Appellant at 6–9. However, the implementing regulations provide the following definition of an immediate annuity:

> Immediate annuity means–
>
> (a) *A recurring benefit payable* under a retirement system applicable to Federal civilian employees or members of the uniformed services that the individual is eligible to receive (disregarding any offset described in § 550.704(b)(5)) at the time of the involuntary separation from civilian service *or that begins to accrue within 1 month after such separation*, excluding any Social Security retirement benefit;
>
> . . .

5 C.F.R. § 550.703 (emphasis added). The key language here is that the benefit "begins to accrue within 1 month after such separation." *Id.* It is the accrual of the benefit, rather than the timing of its payment, that determines its status as an immediate annuity under the applicable regulatory language. There is no dispute that Rainey began receiving disability benefits in August of 2022 and, two months later, received retroactive benefits dating back to his separation date. *See* Informal Reply Br. at 3–4. Rainey has received payment of disability retirement benefits dating back to his separation date because those benefits began to accrue within 1 month of his separation date. Rainey's disability retirement benefits are therefore an immediate annuity based on plain language of the regulation regardless how long it took to receive them. He therefore is not entitled to severance pay.

Rainey argues that this is "an absurd construction of a statutory provision [that] should be avoided" because it was Congress's intent for recently separated employees to

have an immediate source of income through severance rather than retroactive benefits paid at some later date. *See* Informal Br. of Appellant at 9 (quoting *Witco Chem. Corp. v. United States*, 742 F.2d 615, 619 (Fed. Cir. 1984)). However, Rainey's failure to receive payment more quickly is largely the result of his failure to apply for disability retirement benefits for nearly five months following his separation. *See Decision* at *1–2. Under Rainey's proposed construction, a former employee eligible for an immediate annuity could simply delay his application for the annuity to be eligible for severance at separation and also receive retroactive benefits from an annuity when he later applies. An interpretation that allows former government employees to game the system and collect on two forms of payment for the same time period is instead the construction that should be avoided.

Because Rainey is not entitled to severance pay under 5 U.S.C. § 5595 and for other independent reasons not necessary to go into here, he also cannot be entitled to consequential damages based on the Navy's failure to pay severance upon his separation. The Claims Court was therefore correct to grant summary judgment in favor of the government.

## CONCLUSION

We have considered Rainey's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

## AFFIRMED

### COSTS

No costs.